**SHERMAN LAW, PLLC**
SHLOMO S. SHERMAN, ESQ.
Nevada Bar No. 009688
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Telephone: (702) 900-2786
Facsimile: (702) 714-0971
E-Mail:    shlomo@shermanlawlv.com

Attorneys for Plaintiffs/Counter-Defendants,
IRA J. GAINES and LANNY LAHR

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IRA J. GAINES, an individual, and LANNY LAHR, an individual,<br><br>  Plaintiffs,<br><br>vs.<br><br>BRIAN KEASBERRY, an individual; AARIF JAMANI, an individual, inclusive,<br><br>  Defendants. | Case No. 2:22-cv-01206-APG-VCF<br><br>**AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| BRIAN KEASBERRY, an individual; AARIF JAMANI, an individual,<br><br>  Counterclaimants,<br><br>vs.<br><br>IRA J. GAINES, an individual, and LANNY LAHR, an individual,<br><br>  Counter-Defendants. | |
| BRIAN KEASBERRY, an individual; AARIF JAMANI, an individual,<br><br>  Third-Party Plaintiffs,<br><br>vs.<br><br>DANIEL SERRUYA, an individual, and MICHAEL KOVACOCY, an individual,<br><br>  Third-Party Defendants. | |

*Amended Discovery Plan* (278-00002)           1

# AMENDED DISCOVERY PLAN

### 1. **Discovery Cut-Off Date.**

The parties believe that changes to the standard discovery plan are appropriate in this case. Defendants Brian Keasberry and Aarif Jamani ("Defendants") answered or otherwise appeared on September 9, 2022. However, Defendants asserted amended counterclaims against Plaintiffs Ira J. Gaines and Lanny Lahr ("Plaintiffs"), as well as third-party claims against Daniel Serruya and Michael Kovacocy ("Third-Party Defendants"), neither of whom have yet appeared in this action. Plaintiffs' motion dismiss Defendants' amended counterclaims, though fully briefed, remains pending. The grant of Plaintiffs' pending motion would significantly impact the timing and scope of discovery in this matter, as the scope discovery relating to Plaintiff's primary claims is anticipated to be significantly different from the scope of discovery relating to Defendants' counterclaims.

Plaintiffs and Defendants met for their early case conference on January 6, 2023, participated in a discovery scheduling conference with the Court on February 15, 2023, at which time the Court stayed discovery pending a ruling on the pending motions, and participated in a status hearing on October 16, 2023, at which time the Court determined to bifurcate the discovery relating to Plaintiff's primary claims from the discovery relating to Defendants' counterclaims.

Consequently, the parties have agreed to seek a discovery period that will close (i) with respect to Plaintiff's primary claims, at the conclusion of **9 months** from October 30, 2023, or July 31, 2024, and (ii) with respect to Defendants' counterclaims, at the conclusion of **9 months** from the date of Court's denial of Plaintiff's pending motion. The following dates relate solely to the discovery period with respect to Plaintiff's primary claims.

### 2. **Amending the Pleadings and Adding Parties.**

The deadline for filing motions to amend the pleadings or to add parties shall be 90 days before the close of discovery, or **May 3, 2024**.

### 3. **Expert Disclosures.**

The deadlines in Fed. R. Civ. P. 26(a)(2)(D) for expert disclosures are modified as follows:

Initial expert disclosures shall be made 62 days before the discovery cut-off date, or **May 31, 2024**;

*Amended Discovery Plan* (278-00002)     2

1  Rebuttal-expert disclosures shall be made 31 days after the initial disclosure of experts, or
2  **July 1, 2024**.

3  **4. Dispositive Motions.**

4  The deadline for filing dispositive motions shall be 30 days after the discovery cut-off date,
5  or **August 30, 2024**.

6  **5. Pretrial Order.**

7  The deadline for the joint pretrial order shall be 31 days after the dispositive-motion deadline,
8  or **September 30, 2024**. If dispositive motions are filed, the deadline for filing the joint pretrial order
9  shall be suspended until 30 days after decision on the dispositive motions or further Court order.

10  **6. Pretrial Disclosures**

11  The pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them will
12  be included in the joint pretrial order.

13  **7. Alternative Dispute Resolution.**

14  The parties hereby certify that they have met and conferred about the possibility of using
15  alternative dispute-resolution processes including mediation, arbitration, and if applicable, early
16  neutral evaluation, and have determined that such processes are either not likely to be effective or
17  are premature.

18  **8. Alternative Forms of Case Disposition.**

19  The parties hereby certify that they have considered consent to trial by a magistrate judge
20  under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General
21  Order 2013-01), but have determined to opt for neither alternative form of case disposition.

22  **9. Electronic Evidence.**

23  The parties have not reached any stipulations regarding providing discovery in an electronic
24  format compatible with the court's electronic jury evidence display system.

25  **10. Initial Disclosures.**

26  The pretrial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be made on or before
27  **January 31, 2023**, and shall otherwise be consistent with the requirements of Fed. R. Civ. P.
28  26(a)(1).

*Amended Discovery Plan* (278-00002)                         3

1       **11.**     **Scope of Discovery and Limitations.**

2       Depending upon the outcome of the Pending Motions, the parties believe that discovery will be necessary with respect to all discoverable subjects, should be completed within 9 months of the Court's ruling on the Pending Motions, and should not be conducted in phases or be limited to or focused on particular issues.

6       **12.**     **Electronically Stored Information.**

7       The Parties do not anticipate that this case will involve or require the inspection or production of extensive ESI. The Parties anticipate that they will produce discovery in paper format, "jpg"/"jpeg" format (for pictures) and/or "pdf" format, unless a party contends that the native format is required or preferred, e.g., for accompanying metadata evidence, in which case, the requesting party may request the information or document be produced in native format. The responding party shall have no obligation to produce the information or document in any electronic form that is different than its native format. If the requesting party intends to seek discovery of ESI from sources identified as not reasonably accessible, the Parties will discuss: (1) the burdens and costs of accessing and retrieving the information; (2) the needs that may establish good cause for requiring production of all or part of the information even if the information sought is not reasonably accessible; and (3) conditions on obtaining and producing this information. In the event of a dispute, the Parties will meet and confer on the matter, and if a dispute cannot be resolved, either or both Parties will request a pretrial conference with the Court.

20       **13.**     **Protective Order.**

21       The parties do not currently anticipate any issues involving claims of privilege or of protection as trial-preparation materials.

///
///
///
///
///
///

**14.   Additional Orders.**

Other than Plaintiff's pending motion, the parties do not anticipate the need for any other orders to be issued by the Court under Rule 26(c) or under Rule 16(b) and (c).

DATED this 26th day of October, 2023.        DATED this 26th day of October, 2023.

**SHERMAN LAW, PLLC**                                **SILVER STATE LAW, LLC**


By _____                         /s/ *J. Robert Smith*_____
SHLOMO S. SHERMAN, ESQ.                              J. ROBERT SMITH, ESQ.
Nevada Bar No. 009688                                Nevada Bar No. 10992
2620 Regatta Drive, Suite 102                        61 Continental Drive
Las Vegas, Nevada 89128                              Reno, Nevada 89509

Attorneys for Plaintiffs/Counter-Defendants,         Attorneys for Defendants/Counterclaimants,
IRA J. GAINES and LANNY LAHR                         BRIAN KEASBERRY and AARIF JAMANI


**IT IS SO ORDERED.**

_____
UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate

DATED: __November 2__, 2023.

*Amended Discovery Plan* (278-00002)                 5