# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IRA J. GAINES and LANNY LAHR, | Case No.: 2:22-cv-01206-APG-VCF |
| Plaintiffs | **Order Granting Motion to Dismiss and Striking ECF No. 38** |
| v. | [ECF No. 39] |
| BRIAN KEASBERRY and AARIF JAMANI, | |
| Defendants | |
| AND ALL RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS | |

Plaintiffs Ira Gaines and Lanny Lahr sue defendants Brian Keasberry and Aarif Jamani for the alleged fraudulent transfer of Series A Preferred stock in a company called Gen 2 Technologies, Inc. ECF No. 6. Keasberry and Jamani filed an answer and counterclaim against Gaines, Lahr, Daniel Serruya, and Michael Kovacocy. ECF No. 7 at 10. I granted in part Gaines and Lahr's motion to dismiss the counterclaims, with leave to amend. ECF No. 26. Keasberry and Jamani filed an amended counterclaim, which I again dismissed in part. ECF Nos. 28; 36. Keasberry and Jamani then filed a second amended counterclaim and third-party complaint, which Gaines and Lahr again move to dismiss on a variety of grounds. ECF Nos. 38; 39.

I grant the motion to dismiss and strike the second amended counterclaim and third-party complaint because Keasberry and Jamani amended in ways that exceeded the scope of my order granting leave to amend. Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course, but thereafter a party can amend his pleading only with the opposing party's written consent or by leave of court. In my prior order, I gave Keasberry leave to "file an amended 'aiding and abetting' counterclaim consistent with this order and my prior

order." ECF No. 36 at 17.  Specifically, I allowed Keasberry to amend to assert a derivative claim that Serruya and Kovacocy breached their fiduciary duties by paying themselves exorbitant salaries and that Gaines and Lahr aided and abetted that breach. *Id.* at 16.  I also granted Keasberry leave "to amend his breach of fiduciary duty claim against [Serruya and Kovacocy] to assert some or all of [his claims] as a derivative action if he chooses to do so." *Id.* at 17.  My dismissal order granted Keasberry leave to amend only on these specified grounds.  It did not give Keasberry the opportunity to add new claims and it did not give Jamani leave to amend at all.  But the second amended counterclaim identifies Jamani as a counterclaimant and purports to add new abuse of process claims. *See* ECF No. 38 at 2, 18-20.  Consequently, I grant the motion to dismiss in that I strike the second amended counterclaim and third-party complaint as non-compliant with my order.

The first amended counterclaim and third-party complaint at ECF No. 28 is the operative counterclaim and third-party complaint.  Consistent with my prior order, the only remaining counterclaim against Gaines and Lahr is Keasberry's claim that Gaines and Lahr aided and abetted the dilution of Keasberry's interest in Gen 2 and Gaines and Lahr coordinated and misused the writ of execution to seize shares and disrupt the shareholder election.  All counter- and third-party claims against Serruya and Kovacocy in ECF No. 28 remain pending.

I THEREFORE ORDER that plaintiffs/counterdefendants Ira Gaines and Lanny Lahr's motion to dismiss **(ECF No. 39) is GRANTED**.

I FURTHER ORDER that the second amended counterclaim and third-party complaint **(ECF No. 38) is STRICKEN**.

/ / / /

/ / / /

1    I FURTHER ORDER that the first amended counterclaim and third-party complaint at

2    ECF No. 28 is the operative counterclaim and third-party complaint.

3    DATED this 10th day of December, 2024.

4

5    _____

6    ANDREW P. GORDON
     CHIEF UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23